IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GOLD AND WATCHES, CORP.,

Plaintiff,

v.

ALISHAEV BROS., INC., ET AL.,

Defendants.

CIVIL NO. 10-1491 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Gold and Watches, Corp. (hereafter plaintiff "Gold & Watches") filed a complaint for torts and damages for intentional trespass of chattels and conversion and intentional and illegal seizure of property by defendant Alishaev Bros., Inc. (hereafter defendant "Alishaev"). Gold & Watches claims to be the sole and lawful owner of property stored in a booth stand located at Gran Caribe Mall in Vega Alta, composed of gold jewelry, merchandise and cash, as to which defendant Alishaev wrongfully exercised dominion and control. (Docket No. 1).

Defendant Alishaev filed a motion for summary judgment in which it submits the complaint filed is a futile and unwarranted attempt to prevent a lawful creditor from executing a default judgment. Thus, defendant Alishaev files the dispositive motion on grounds plaintiff Gold & Watches lacks a cognizable claim against said defendant. Alishaev further claims plaintiff Gold & Watches is unable to show entitlement or rightful ownership of the property seized, for which it lacks an actionable cause of action of illegal seizure or conversion of property. (Docket No. 38).

In opposition to summary judgment, plaintiff Gold & Watches avers the subject of the state judgment alleged by defendant Alishaev, is Michel Prieto-Reyes, a person separate and distinct from plaintiff Gold & Watches, fact known to defendant at the time of the attachment. Still, defendant initiated the seizure and under its instructions state marshals continued action as to the property of Gold & Watches which is a corporation. (Docket No. 44).

**STANDARD FOR SUMMARY JUDGMENT**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56©. Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).

After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed "material" if it potentially could affect the outcome of the suit. *Id*. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Id*.

Gold & Watches, Corp. v. Alisheav Bros., Inc., et al
Civil No. 10-1491 (CVR)
Opinion and Order
Page No. 3

At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood . . . ." Greenburg v. Puerto Rico Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). In fact, "[o]nly if the record, viewed in [this] manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997).

**LEGAL DISCUSSION**

Defendant Alishaev submits as undisputed issues of fact in support of summary disposition of plaintiff Gold & Watches' claims against said defendant that:

1. Michel Prieto-Reyes and/or Armando Rivera d/b/a Figali Outlet Jewelry and/or d/b/a/ Timing Jewelry were engaged in the retail business of jewelry merchandise; their business booth stand/store was located in the Grand Caribe Mall. *Deft's Uncontested Annex A; Deft's Exhibit 1, ¶5.*[1]

---

[1] Michel Prieto-Reyes and Armando Rivera are husband and wife who traveled to defendant Alishaev's showroom or tradeshows to purchase merchandise, which was invoiced and upon failure to pay the account balance, resulted in judgment and pursuit of post-judgment remedies by defendant herein Alishaev in state court.

Gold & Watches, Corp. v. Alisheav Bros., Inc., et al
Civil No. 10-1491 (CVR)
Opinion and Order
Page No. 4

2. Defendant Alishaev obtained a prior judgment against Michel Prieto d/b/a Figali Outlet Jewelry and Timing, Civil No. DCD2008-2309. *Deft's Uncontested ¶ 6, Exhibit 1 at 3(a).*

3. Defendant Alishaev sought and obtained post-judgment remedies against judgment debtor Michel Prieto-Reyes, Figali Outlet Jewelry and Timing Jewelry and/or authorized the execution of the writ at the place of business of a debtor-in-possession. *Deft's Uncontested 7, Exhibit 1, Answer to Interrogatories at ¶5; Exhibit 4, Notice of Judgment DCD2008-2309; Exhibit 4-5.*

4. Defendant Alishaev is unfamiliar with the name of Gold & Watches Corp., having no knowledge of the existence of said corporation.[2]

The relevant issues submitted by plaintiff Gold & Watches in its opposition provide that, although defendant Alishaev has claimed not being in possession of the property seized from plaintiff Gold & Watches, plaintiff avers defendant Alishaev initiated the seizure and instructed the state marshals to continue with the attachment of property belonging to plaintiff, notwithstanding a telephone conversation at the time informing the real owner of the property, that is, being informed by officers of Gold & Watch as corporation, was an entity separate from Michel Prieto-Reyes, the subject of the judgment, order of execution, attachment and writ.

---

[2] Defendant Alishaev submits the Corporation Certificate of Registry with the P.R. Department of State showing tha tGold & Wateches, No. 174257, was registered on August 3, 2007.

In addition, plaintiff Gold & Watches states as undisputed issues of facts that:

1. Michel Prieto-Reyes filed a petition for bankruptcy under Chapter 13 on June 7, 2010, including the debt claimed by Alishaev object of the judgment issued. On account of the pre-nuptial agreement, Armando Rivera does not appear as debtor in the bankruptcy petition. *Plaintiff's Uncontested ¶1; Exhibit 4, Bankruptcy Petition; Exhibit 13, Order of Confirmation.*

2. Plaintiff Gold & Watches was created in the year 2007 as a separate entity and has no ties to defendant Alishaev, has never done any business with Alishaev, nor Alishaev had any knowledge as to the existence of plaintiff corporation until the seizure that took place on May 10, 2010. *Plaintiff's Uncontested ¶2; Deft's Exhibit 1, Answer to Interrogatories ¶¶8, 9.*

3. Agents of defendant Alishaev disregarded information provided by corporate officers of Gold & Watches insofar being a separate entity from Michel Prieto-Reyes nor inquire as to the veracity the property being seized was property of Gold & Watches. *Plaintiff's Uncontested ¶3; Exhibit 15, Answer to Interrogatories ¶¶ a-b.*

4. Armando Rivera and Michel Prieto are married as of November 25, 2003, under a pre-nuptial agreement, as a result of which debts and obligations are separated for each of the spouses. *Plaintiff's Exhibit 1, Armando Rivera's Affidavit; Exhibit 2, pre-nuptial agreement.*

5. Michel Prieto-Reyes d/b/a Figali Outlet Jewelry's principal place of business is not a booth/stand at Gran Caribe Mall, Vega Alta, P.R., but rather one at Plaza Aquarium Local K-9, Toa Alta, P.R. *Exhibit 3, Deft's Answer to Plaintiff's Interrogatory.*

6. Plaza Aquarium's address was the location defendant Alishaev had conducted business with Michel Prieto prior to 2006. *Id.*

7. Plaintiff Gold & Watches operates a jewelry retail business at Gran Caribe Mall. Figali did not operate or do business from said location. *Exhibit 1.*

8. Armando Rivera did not incur in a debt with Alishaev nor acquire jewelry on credit from said defendant. This was the personal business of Michel Prieto-Reyes, who filed a petition under Chapter 13 of the Bankruptcy Code for payment plan which included the debt of defendant Alishaev. *Plaintiff's Uncontested ¶1; Exhibit 4, Bankruptcy Petition; Exhibit 4a, Schedule Listing Debts; Exhibit 5, Payment Plan; Exhibit 6, Alishaev's claim in bankruptcy petition; Exhibit 13, Order of Confirmation.*

9. The state complaint and judgment on collection of monies refer to community property of Michel Prieto-Reyes and Armando Rivera but no such community property exists because of the pre-nuptional agreement. Still, the judgment issued allowed defendant Alishaev to collect the amount of $59,465.23, plus $1,000.00 in attorney's fees from Michel Prieto-Reyes not from herein plaintiff Gold & Watches. *Plaintiff's Uncontested ¶6; Deft's Exhibit 7, Order of Execution and Mandate.*

10. The Order and Mandate (Writ of Execution) issued by state courts on March 18 and April 28, 2010, respectively, ordered the state marshals to attach personal property

belonging to defendant, in the possession of defendant or property in possession of third parties. *Plaintiff's Uncontested ¶7.*

11. Gold & Watches was and is not an entity in possession of property of the debtor subject of the complaint, judgment and writ but an entity separate from Michel Prieto-Reyes. *Plaintiff's Uncontested ¶8; Exhibit 8, corporate documents from the Department of State of the Commonwealth of Puerto Rico.*

12. Armando Rivera is not a debtor in possession nor has any shares or ownership in the business entity of his wife Michel Prieto-Reyes. He is a corporate officer, President of herein plaintiff corporation Gold & Watches, who was present at the time of execution of the writ on May 10, 2010. *Plaintiff's Uncontested ¶9; Exhibit 1, Rivera's affidavit; Exhibit 9, Corporate Annual Report.*

13. Plaintiff produced to defendant evidence of the rightful ownership of the seized merchandise belonging to Gold & Watches. *Plaintiff's Uncontested ¶10; Exhibit 10, Answer ¶7 to Production of Documents.*

14. The internal audit report produced to defendant Alishaev of items seized on May 10, 2010, identifies all items of Gold & Watches with vendors' codes showing that Alishaev was not a vendor of Gold & Washes. This audit conforms to the seized merchandise presently under custody of the Bayamón Superior Court subject of the attachment. *Plaintiff's Uncontested ¶10; Exhibit 11, Vendors by Code; Exhibit 12, Inventory produced Marshal.*

Gold & Watches, Corp. v. Alisheav Bros., Inc., et al
Civil No. 10-1491 (CVR)
Opinion and Order
Page No. 8

15. The list of the deficit inventory compiled after the seizure which was provided to defendant Alishaev shows none of the items therein are property of "d/b/a" [sic] Michel Prieto-Reyes the object of the state judgment and writ. *Plaintiff's Uncontested ¶11; Exhibit 10, Deficit Inventory.*

A wrongful attachment claim under Puerto Rico law has three elements, to wit: an act or omission, damages, and fault or negligence. Even a temporary attachment can cause damage sufficient to support wrongful attachment claim as the affected party's credit may be adversely affected, business may fail and may suffer emotional distress. García-Guzmán v. Villoldo, 273 F.3d 1 (1st Cir. 2001).[3]

Notwithstanding defendant Alishaev's position as to plaintiff Gold & Watches' lack of a claim against said defendant in this federal case, ordinarily, right to recovery of owner of property attached in a proceeding to which he is not a party is in no way dependent on the outcome of the controversy, and thus a third party whose property has been erroneously attached has a cause of action immediately upon learning of the attachment, regardless of the outcome of the main action. 31 L.P.R.A. Sec. 5141; *see* W. Clay Jackson Enterprises, Inc. v Greyhound Leasing & Financial Corp., 463 F.Supp. 666 (D. Puerto Rico 1979).[4]

From the record, the parties' uncontested statements and documents available, there is evidence to contravene above defendant's undisputed facts, creating genuine issues of

---

[3] Liability for a wrongful attachment is based on Article 1802 of the Civil Code, which provides that "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done". 31 L.p.R.A. §5141. See García-Guzmán v. Villoldo, 273 F.3d at 6.

[4] The action to recover damages by reason of an alleged wrongful attachment is an "ex delicto" action based on Article 1802 of the Civil Code of Puerto Rico.

contested facts in controversy which preclude summary judgment for defendant Alishaev. Even from defendant's own documents in support of summary judgment nowhere is it shown that the subject of the state judgment or writ of execution was herein plaintiff Gold & Watches, but rather Michel Prieto Reyes d/b/a Figali Outlet Jewelry and Timing Jewelry. Furthermore, the exhibits submitted by defendant Alishaev in support of summary disposition fail to support said subject individual or d/b/a entity had a stand/store in Grand Caribe Mall. Defendant's own exhibits show that it is herein plaintiff Gold & Watches who has physical and postal address at Centro Grand Caribe Mall #40. *Deft's Exhibit 2-A, Profitable Corporation Annual Report for 2009.* Michel Prieto-Reyes and Armando Rivera-Rojas are in said report listed as two officers of said corporation, being Secretary and President-Treasurer, respectively. *Deft's Exhibit 2-B*.

Plaintiff Gold & Watches also rebuts defendant Alishaev's averment as to lacking any property right over the items object of the seizure. There is evidence showing defendant Alishaev was initially informed about the property to be attached as belonging to the corporation Gold & Watches located at Centro Grand Caribe Mall #40. Although defendant is not expected to take at face value this information, defendant Alishaev was subsequently provided with deficit inventory and an internal audit that corresponds to the items seized consonant with the ones under the custody of the state marshals reflecting the items do not show Alishaev as a vendor.[5]

---

[5] Sometimes an individual's property is attached by mistake in the course of litigation to which he is not a party. Fresh-O-Baking Co. v. Molinos de Puerto Rico, Inc., 3 P.R. Offic. Trans. 708, 1975 WL 388832 (1975) (involving claim by non-party whose equipment was stores in defendant's bakery, which plaintiff attached).

Gold & Watches, Corp. v. Alisheav Bros., Inc., et al
Civil No. 10-1491 (CVR)
Opinion and Order
Page No. 10

Regardless of the above, defendant Alishaev submits this is not conclusive evidence of sole or rightful ownership of the seized property by plaintiff Gold & Watches. Nevertheless, it still creates a genuine and material issue of disputed fact which does not allow summary disposition for defendant Alishaev, whose only legal support is a citation to Banco Bilbao Vizcaya v. Angel Lopez-Montes, 168 DPR 700, 710,711 (2006) (discussing attachment of property as to a joint bank account considered funds under the custody of a third-party) that fails to support its contention for summary adjudication.

In sum, plaintiff Gold & Watches has presented sufficient disputed facts of being a non-party to the attachment of the property. There is, additionally, disputed evidence of defendant Alisheav's submissions denying evidence the property belonged to plaintiff Gold & Watches. Thus, the issues presented have raised credibility determinations which need to be elucidated, thus making summary judgment disposition improper. The validity of the attachment would depend on the validity of any such claim against the owner of the property, for if there is no merit to Alisheav's claims as determined by the state judgment against plaintiff Gold & Watches, the attachment of plaintiff's property would have been wrongful and damages would need to be established.

A moving party for summary judgment bears the initial burden of demonstrating the absence of genuine issues of material fact. Having examined the above, defendant Alisheav has not met such burden, for which the request for summary disposition is not proper.

# CONCLUSION

In view of the foregoing, defendant Alisheav's Motion for Summary Judgment is DENIED. (Docket No. 38).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 4th day of October of 2011.

                                        s/CAMILLE L. VELEZ-RIVE
                                        CAMILLE L. VELEZ-RIVE
                                        UNITED STATES MAGISTRATE JUDGE